IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| A.W. IRREVOCABLE SPECIAL NEEDS TRUST and A.W., a minor, by and through her guardian ad litem, Thomas M. Stern, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:10CV364 |
| LANIER M. CANSLER, in his official capacity as Secretary of the North Carolina Department of Health and Human Services and CRAIGAN L. GRAY, M.D., in his official capacity as Director of the Division of Medical Assistance of the North Carolina Department of Health and Human Services, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motion to dismiss filed by Defendants Lanier M. Cansler and Craigan L. Gray pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Docket No. 14.)  Plaintiffs have responded to the motion.  (Docket Nos. 19, 24.)  For the reasons set out below, the Court finds that Defendants' motion to dismiss should be granted in part and denied in part.

## FACTS, CLAIMS, AND PROCEDURAL HISTORY

In this action, Plaintiffs contend that Defendants have improperly placed a lien on the settlement proceeds of Plaintiff A.W.'s state-court, personal injury lawsuit. (Docket No. 12, First Amended Complaint ("Am. Compl.").) Defendants seek to recover for medical payments made on behalf of Plaintiff A.W. as a minor under the medicaid program. (*Id*.) Plaintiffs contend that the settlement proceeds do not include any recovery for such medical payments, thus the lien is improper. (*Id*.)

Plaintiff A.W. was born in 1998. (*Id*. ¶ 13.) Her personal injury claims arise from medical care provided to her in 1999. (*Id*. ¶ 14.) The A.W. Irrevocable Special Needs Trust ("the trust") was established by the North Carolina court pursuant to 42 U.S.C. § 1396p(d)(4)(A). (*Id*. ¶ 15.) Defendant Gray is the Director of the Division of Medical Assistance of the North Carolina Department of Health and Human Services and is sued in his official capacity. (*Id*. ¶ 16.) Defendant Cansler is the Secretary of the North Carolina Department of Health and Human Services and is also sued in his official capacity. (*Id*. ¶ 17.)

Plaintiff A.W. filed her personal injury action when she was 7 years old. (*Id*. ¶ 18.) She alleged through her guardian ad litem that medical negligence caused her injuries. (*Id*.) She suffered brain damage to the extent that she cannot walk, talk, or use her arms or legs. (*Id*. ¶ 19.) She cannot see. (*Id*.) She has the cognitive ability of an infant and suffers from seizures. (*Id*.) Plaintiffs argue that in addition to the cost of future medical care, she had

viable claims for permanent injury, loss of use of her arms and legs, loss of her ability to see and talk, loss of cognitive function, loss of enjoyment of life, loss of ability to earn an income, and pain and suffering. (*Id*. ¶ 24.)

Plaintiffs further contend that under North Carolina law, a minor's right to recover for medical expenses belongs to the parents. (*Id*. ¶ 27.) Plaintiff A.W.'s parents did not join in her lawsuit to attempt to recover for medical expenses up to age eighteen. (*Id*. ¶ 29.) At a hearing in state court to approve the partial settlement of Plaintiff A.W.'s action, the state court permitted the Division of Medical Assistance to intervene for the limited purpose of protecting any interest it might establish in any recovery in the action. (*Id*. ¶ 31.) In December 2009, the court approved the settlement and ordered Plaintiff A.W. to deposit $174,888.72, the amount of the lien asserted at that time, with the Durham County, North Carolina clerk of court. (*Id*. ¶ 32.) This amount was based on all payments made by the Division of Medical Assistance up to the date of the December hearing. (*Id*.) In addition, in January 2010 the state court approved a settlement of the claims of A.W. against another party and ordered Plaintiff A.W. to deposit $1,482.42 from the proceeds of that settlement with the clerk of court because of a lien asserted by the Division based on medical payments subsequent to the December 2009 court order. (*Id*. ¶ 33.) The Division filed a motion for disbursement of the funds being held by the clerk, but the court denied the motion and entered a stay of proceedings pending disposition of this federal action. (*Id*. ¶ 34.)

Plaintiffs' first claim for relief is for a declaratory judgment that the liens asserted by Defendants are prohibited by 42 U.S.C. §§ 1396a(a)(18) and 1396p. (*Id*. ¶¶ 38-44.) Plaintiffs' second claim for relief is pursuant to 42 U.S.C. § 1983 for an alleged violation of 42 U.S.C. §§ 1396a(a)(18) and 1396p. (*Id*. ¶¶ 45-54.) Plaintiffs' third claim for relief is also under 42 U.S.C. § 1983, but for alleged violation of the Due Process Clause. (*Id*. ¶¶ 55-63.)

## DISCUSSION

**A.  Standard**

The plaintiff bears the burden of proving subject matter jurisdiction when it is attacked under Fed. R. Civ. P. 12(b)(1). *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Defendants mount a facial, rather than factual, attack upon Plaintiffs' amended complaint. (Docket No. 15, Defs.' Br. in Supp. of Mot. to Dismiss.) Therefore, this Court accepts as true Plaintiffs' factual allegations in the amended complaint. *Richland-Lexington Airport Dist. v. Atlas Props., Inc.*, 854 F. Supp. 400, 407 (D.S.C. 1994).

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

B. **Subject matter jurisdiction**

Defendants argue that Plaintiffs cannot base jurisdiction upon either 42 U.S.C. § 1396a(a)(18) or 1396p because those statutes do not create private rights of action. (Docket No. 15 at 4-9.) Defendants rely on cases which found that *other* subsections of section 1396a do not create private rights of action. (*Id*. at 5-6.) Defendants argue that subsection (a)(18) is similar to those other subsections because it is an instruction to program administrators "void of any focus on individual interests." (*Id*. at 6.) An Eastern District of North Carolina court recently considered this precise issue and found that section 1396a(a)(18) "creates no individual right enforceable under section 1983." *Wallace v. Cansler*, No. 5:10CV368 (E.D.N.C. Apr. 19, 2011) (may be found at Docket No. 24, Ex. 1 at 19.) Upon full consideration, this Court agrees with the *Wallace* court that the language of subsection (a)(18) refers only to state legislatures rather than to individuals and that, to the extent that any right could arise, it is too "vague and amorphous" to be enforced by this Court. (Docket No. 24, Ex. 1 at 18.) *Contra Lewis v. Rendell*, 501 F. Supp. 2d 671, 687 (E.D. Pa. 2007); *Johnson v. Guhl*, 91 F. Supp. 2d 754, 770 (D.N.J. 2000).

Section 1396p contains very different language, however. Section 1396p(a)(1) provides that no lien may be imposed against the property of "an individual" prior to his death on account of medical assistance paid or to be paid on his behalf except under certain circumstances. 42 U.S.C. § 1396p(a)(1). Section 1396p(b)(1) provides that no adjustment or recovery of any medical assistance correctly paid on behalf of "an individual" may be

made except under certain circumstances. 42 U.S.C. § 1396p(b)(1). These subsections clearly benefit individuals. The rights created are not vague or amorphous. Therefore, this Court agrees with the *Wallace* court in concluding that section 1396p creates individual rights under these anti-lien and anti-recovery provisions which may be enforced under section 1983. (Docket No. 24, Ex. 1 at 17-18.) *See Tristani v. Richman*, 609 F. Supp. 2d 423, 457 (W.D. Pa. 2009) (Sections 1396p(a)(1) and (b)(1) create individual rights.); *Perez ex rel. Cardenas v. Henneberry*, Civil Action No. 09-cv-01681-WYD-MEH, 2010 WL 1463146, slip op. at 3-4 (D. Colo. Apr. 12, 2010) (Sections 1396p(a)(1) and (b)(1) create rights enforceable through section 1983.).

Accordingly, Defendants' motion to dismiss pursuant to Rule 12(b)(1) should be granted with respect to Plaintiffs' first and second claims for relief to the extent those claims are based upon a violation of 42 U.S.C. § 1396a(a)(18), but otherwise be denied.

C.  **Due Process Clause**

Defendants argue that Plaintiffs' claim for a violation of A.W.'s due process rights should be dismissed because Plaintiffs have not alleged a taking and have not alleged that the procedural safeguards that were in place were inadequate. (Docket No. 15 at 9-10.) According to Defendants, Plaintiffs had pre-deprivation remedies such as a hearing in state court. (*Id*.)

Plaintiffs do not state whether their due process claim is substantive or procedural. Because they argue that they have been denied "an opportunity" to show that the settlement

proceeds should not be encumbered, and suggest that state policies are irrational, they appear to be making both procedural and substantive arguments. (Am. Compl. ¶¶ 58-62.) The *Wallace* court found that the pre- and post-deprivation remedies offered by the North Carolina courts to the plaintiffs in that case were adequate and were fatal to the plaintiffs' procedural and substantive due process claims. (Docket No. 24, Ex. 1 at 19-21.) This Court agrees with that reasoning. Plaintiff A.W.'s state court proceeding was ongoing at the time Plaintiffs filed this federal action which caused the state court to stay the proceeding. Plaintiffs "cannot plausibly claim that North Carolina's procedures are unfair when they have not tested their claims in that forum." (*Id*. at 20.) Plaintiffs' may raise their concerns in the Durham County Superior Court. Plaintiffs' substantive due process concerns fail because they have not alleged that any property deprivation is not amenable to rectification by post-deprivation state remedies. (*Id*. at 21.)

Accordingly, Plaintiffs' third claim for relief should be dismissed in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### D. <u>Abstention</u>

Defendants argue that this Court should abstain from exercising jurisdiction in this matter under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). (Docket No. 15 at 11-14.) The *Wallace* court considered a similar claim but found that abstention under *Younger* is not appropriate when the underlying state proceeding is remedial rather than coercive. (Docket No. 24, Ex. 1 at 9.) The state court proceeding in the *Wallace* case was a personal

injury action in which the Division of Medical Assistance intervened to assert a lien against the plaintiff's settlement proceeds–the same type of proceeding as in this action. (*Id*. at 2.) This Court concludes that Plaintiff A.W.'s remedial state court proceeding is not the type to which *Younger* applies. *See id*. at 8-10; *see, e.g., Brown ex rel. Brown v. Day*, 555 F.3d 882, 888-92 (10th Cir. 2009). The Fourth Circuit case relied upon by Defendants is distinguishable because there abstention was appropriate because the plaintiff mining company was seeking to invalidate a state judgment that the company had violated the state's Surface Mine Dewatering Act which resulted in the state coercing the company to pay for replacing a residential well which had run dry. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156 (4th Cir. 2008). There is no similar underlying state administrative judgment in this action, and the state has no comparable "vital interest" in the present action which would warrant abstention.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' motion to dismiss (Docket No. 14) be granted as to Plaintiffs' third claim for relief in its entirety, and be granted with respect to Plaintiffs' first and second claims for relief to the extent those claims are based upon a violation of 42 U.S.C. § 1396a(a)(18), but otherwise be denied.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: July 19, 2011